IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDY ANN MCCLOSKEY, et al ) | | |
| ) | | |
| ) | | |
| Plaintiffs ) | | No. 3:09-CV-219 |
| ) | | |
| vs. ) | | |
| ) | | |
| ALLIS-CHALMERS PRODUCTS ) | | |
| LIABILITY TRUST et al, ) | | |
| Defendants ) | | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on The Lincoln Electric Company's Motion to Intervene as a Defendant Pursuant to Rule 24 (Document No. 34). Plaintiffs filed a Brief in Opposition to The Lincoln Electric Company's Motion to Intervene as a Defendant Pursuant to Rule 24 (Document No. 35). The Court now **DENIES** The Lincoln Electric Company's Motion to Intervene as a Defendant Pursuant to Rule 24 (Document No. 34).

Plaintiffs filed the instant action to recover alleged damages related to Arthur Partner's development of mesothelioma as a result of alleged exposure to asbestos-containing products manufactured and/or supplied by the defendants in this action and used aboard the USS Vernon County, on which Mr. Partner served in the Navy. Prior to filing this action, Plaintiffs instituted a separate action in the Cambria County Court of Common Pleas based on Mr. Partner's alleged post-naval exposure to asbestos while employed in a PPG auto glass plant in Tipton, Pennsylvania. One of the defendants in the state-court action, The Lincoln Electric Company filed a motion to intervene as a defendant in this action.

Lincoln argues in its motion that it is entitled to intervene and litigate Plaintiffs' claims against Lincoln in this Court because Plaintiffs should not be permitted to maintain separate actions,

arguing that "[t]he Plaintiffs should be precluded from maintaining two separate actions arising out of the same alleged injury." The claims that Lincoln seeks consideration of concern Mr. Partner's exposure to asbestos-containing products while employed by PPG at its auto glass facility in Tipton, Pennsylvania. Currently, the instant case concerns only Mr. Partner's exposures while serving in the U.S. Navy. The current defendants are manufacturers of equipment used aboard the ship on which Mr. Partner served. Lincoln, by contrast, manufactured welding rods, which Plaintiffs allege exposed Mr. Partner to asbestos when he worked for PPG beginning in the 1970s. The defenses asserted by Lincoln would stand in stark contrast to those asserted by the current defendants in this case.

By raising an argument concerning the propriety of Plaintiffs maintaining two causes of action, and by seeking to insert itself into an action in which its defenses will be different from the other defendants' Lincoln is inserting new issues into this litigation. The United States District Court for the Eastern District of Pennsylvania has noted that "[t]he addition of new issues and new parties may be considered contrary to orderly procedure" and that therefore "the court may properly deny or limit permissive intervention where it feels that the interposition of counterclaims not related to the matters at issue between the plaintiff and defendant would unduly delay or complicate the determination of those issues." *Mitel Corp. v. A&A Connections Inc.* E.D. Pa. No. 97-CV-4205, 1998 WL 136529, 6 (1998) (citing 3A Moore"s Federal Practice § 24.17 (Matthew Bender 1987) (other citations omitted, brackets in original)). Another judge in the Eastern District denied intervention where it was determined that the issues raised by the intervenor would complicate the case. *See Shorb by Shorb v. Airco, Inc.*, E.D. Pa. Civ. A. No. 82-1983, 1985 WL 5954, 4 (1985).

The instant matter focuses on Mr. Partners' alleged exposure to asbestos during his service in the Navy. Lincoln's claim would focus on alleged exposure after his service. These matters, while perhaps related, need not be tried in the same proceedings. Where different defendants are involved, even if their conduct caused a single harm, the doctrines of "splitting" and *res judicata* do not bar

separate actions. *See, e.g., Hilbert v. Roth*, 395 Pa. 270, 272, 149 A.2d 648, 650 (1959) ("under the common law of Pennsylvania plaintiff could bring separate actions against several defendants for a joint trespass"); *Grossman, supra* (permitting separate action against attorney-agent after taking judgment against principal for same tort); Restatement (Second) of Judgments § 49 (1982) (cited in *Grossman*, 424 Pa. Super. at 467, 623 A.2d at 3) ("A judgment against one person liable for a loss does not terminate a claim that the injured party may have against another person who may be liable therefor."). Lincoln can protect its interests in the action currently pending in state court. Principles of *lis pendens alibi* and *res judicata* ensure that the same issue will not be litigated twice. Because Lincoln seeks to inject new issues and new parties into this matter, the Court finds that intervention would unduly complicate this case, and would be inappropriate. The Court now **DENIES** The Lincoln Electric Company's Motion to Intervene as a Defendant Pursuant to Rule 24 (Document No. 34).

BY THE COURT:

Date: March 14, 2011

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**